OPINION *Page 2 
{¶ 1} Appellant was found delinquent for having committed two counts of rape. Appellant now seeks to appeal the delinquency finding. The relevant facts are as follows:
 STATEMENT OF FACTS AND CASE {¶ 2} On September 18, 2006, appellant whose date of birth is July 30, 1993, was charged with being delinquent for having committed two counts of rape. Specifically, appellant was charged with having engaged in anal intercourse with two separate children as a continuous course of conduct. The complaint further alleged that the children, R.F. and H.L. were less than thirteen years of age at the time of the offense.
 {¶ 3} On September 20, 2006, appellant appeared at the arraignment and entered a not true plea to both charged offenses and was placed on electronically monitored house arrest. A pretrial was scheduled for October 12, 2006. After the presentation of the evidence, the juvenile was found to be delinquent on both counts of rape. On December 20, 2006, by judgment entry, the juvenile was committed to the department of youth services for one year up to the age of twenty-one years of age on each delinquency count. The trial court further ordered the sentences to run consecutively but suspended the second year of commitment.
 {¶ 4} It is from the delinquency adjudication that appellant seeks to appeal setting forth the following assignment of error: *Page 3 
 {¶ 5} "THE TRIAL COURT'S FINDING OF DELINQUENCY BY TWO COUNTS OF RAPE WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 {¶ 6} Appellant, argues in his assignment of error, that the trial court's finding of delinquency by reason of having committed two counts of rape was against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 7} A trial court may enter a finding of delinquency when the evidence demonstrates, beyond a reasonable doubt, that the child committed an act that would constitute a crime if committed by an adult. R.C. 2151.35(A); Juv.R. 29(E)(4). Our function when reviewing the weight of the evidence is to determine whether the greater amount of the credible evidence supports the verdict. State v. Thompkins,78 Ohio St.3d 380, 387, 678 N.E.2d 541.
 {¶ 8} In order to undertake a manifest weight of the evidence review, the court examines the entire record, weighs the evidence and all reasonable inferences, consider the credibility of the witnesses, and determines whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. Id., citing State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
 {¶ 9} If the Court finds that the fact finder clearly lost its way, the Court must reverse the conviction and order a new trial.Id. On the other hand, the Court will not reverse a conviction so long as the state presented substantial evidence, for a reasonable trier of fact, to conclude, that all of the essential elements of the offense were established beyond a reasonable doubt. State v. Getsy,84 Ohio St.3d 180, 193-94, 1998-Ohio-533, 702 N.E.2d 866. *Page 4 
 {¶ 10} In conducting the review, the Court is guided by the presumption that the trier of fact "is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of proffered testimony."Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273.
 {¶ 11} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins, supra. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus ofState v. Jenks (1991), 61 Ohio St.3d 259:
 {¶ 12} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 13} In this case, appellant was found delinquent by reason of having committed two counts of rape. R.C 2907.02(A)(1)(b) sets forth the elements of the offense as follows:
 {¶ 14} "No person shall engage in sexual conduct with another who is not the spouse of the offender * * * when any of the following applies: * * * (b) The other person is *Page 5 
less than thirteen years of age, whether or not the offender knows the age of the other person."
 {¶ 15} R.C. 2907.01(A) defines "sexual conduct" as including anal intercourse. The statute further states that "penetration however slight is sufficient to complete vaginal or anal intercourse."
 {¶ 16} The testimony at trial established that, R.F., H.L, and appellant are cousins. The testimony further established that this extended family includes approximately twelve cousins who play together during family gatherings. The family members testified that the families in this matter are very close and spend a considerable amount of time together engaged in family activities.
 {¶ 17} During the trial, H.L. testified that on or about April 9, 2006, when he was seven years of age, during a family gathering, appellant suggested a game of hide and seek. H.L. stated that during hide and seek, appellant pulled him into a closet, pulled down his pants and underpants and appellant put his "wiener" in H.L.'s butt. Using an anatomical drawing, H.L. identified a "wiener" as being a penis. H.L. stated that the appellant told him to keep what happened a secret. H.L. testified that when appellant put his wiener in H.L.'s butt it hurt.
 {¶ 18} H.L. also testified that his cousin Brittany found them in the closet and encouraged him to tell his mother. That same evening, while he was taking a bath, H.L. disclosed the incident with the appellant to his mother who then took H.L. to Akron Children's hospital for an examination. In an interview with an emergency caseworker at Akron Children's Hospital, H.L. was consistent in his disclosure regarding the anal intercourse. *Page 6 
 {¶ 19} After the incident and during the investigation, appellant spoke with his parents, admitted playing hide and seek with H.L., and admitted being in the closet with H.L.
 {¶ 20} In an interview with the investigating officers, appellant gave a second statement which was inconsistent with the story he told his parents. In the interview, appellant stated that H.L. was running and slid into the closet and his pants came down accidentally. Appellant also stated that H.L. was showing him his boxer shorts in the closet. He further stated that this was his story and he was going to "stick with it."
 {¶ 21} The second child victim to testify was R.H. R.H. testified that he is a year younger than appellant. R.H. stated that when he was approximately nine or ten years of age, he would visit appellant. R.H. stated that on two separate occasions in appellant's bedroom, appellant pulled his pants down and appellant put his wiener on R.H.'s skin and inside R.H.'s butt. R.H. stated that he didn't tell anyone because appellant was a bully and he was scared. R.H. stated that he finally disclosed to his custodial grandparents after the appellant moved with his family to Florida and he felt safe.
 {¶ 22} R.H's grandmother testified that after R.H.'s disclosure she notified other family members and everyone agreed to watch the children when they were together. She testified that when the appellant and his family moved back from Florida, the two boys were enrolled in the same school. She notified school authorities of a problem.
 {¶ 23} Thereafter, R.H. made further disclosures of the sexual abuse by appellant to law enforcement. *Page 7 
 {¶ 24} Upon review, we find that the evidence presented during adjudication supports the trial court's findings. Therefore, we find that appellant's adjudication of delinquency for having committed two counts of rape are not against the manifest weight or sufficiency of the evidence.
 {¶ 25} Appellant's Assignment of error is hereby overruled.
 {¶ 26} Accordingly, the Judgment of the Stark County Court of Common Pleas, Juvenile Division is hereby affirmed.
 Edwards, J. Farmer, P.J. and Wise, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Juvenile Division is affirmed. Costs assessed to appellant. *Page 1